**Michael R. EVANS, aka Michael Robert Dulin, Petitioner–Appellant,**

v.

**Peter DEMOSTHENES, Warden; The Attorney General of the State of Nevada, Respondents–Appellees.**

**No. 95–17240.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1996.

Decided Oct. 25, 1996.

tually reached a settlement with Waldron.

John Lambrose, Assistant Federal Public Defender, Las Vegas, NV, for petitioner-appellant.

Robert E. Wieland, Deputy Attorney General, David F. Sarnowski, Chief Deputy Attorney General (argued), Carson City, NV, for respondents-appellees.

Before: BOOCHEVER, JOHN T. NOONAN, Jr., and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Michael R. Evans, convicted in Nevada state court of burglary and grand larceny, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

At his state court trial, Evans's confession was admitted over his objection that the police had violated his *Miranda* rights by continuing to question him after he had invoked his right to remain silent. In response to police interrogation, he had not affirmatively stated he wanted to remain silent. Instead, he complained of stomach pain. The initial questioning was suspended for a brief period, and when it resumed Evans confessed. The district court held that Evans had not invoked his right to remain silent and denied his habeas petition. *Evans v. Demosthenes*, 902 F.Supp. 1253 (D.Nev.1995).

We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

## I

Evans and his roommate Daniel Barsch were arrested at their apartment by Las Vegas police on suspicion of burglary. Evans and Barsch were escorted outside of the apartment and read their *Miranda* rights by Officer Thomas Johnson. During the reading, Evans interrupted Officer Johnson in what the officer later described as a "deliberate, sarcastic" tone to say that he knew his rights. Officer Johnson repeated the reading and Evans again acknowledged that he understood his rights.

Evans and Barsch were then separated and questioned individually about the property they were suspected of stealing. Officer Arthur Burns questioned Evans for up to five minutes in what Officer Burns characterized as an "extremely one-sided" conversation. Evans did not answer any of Officer Burns's questions, but responded instead by complaining of severe abdominal pains, nausea, and dizziness. Officer Burns testified that Evans was "writhing" with "physical gyrations" and "perspiring profusely" in apparent "physical distress."

Officer Burns then left Evans with other officers and went to the back of the apartment building to search for the stolen property, where it was discovered. After fifteen to twenty minutes had elapsed since Officer Burns's first effort to question Evans, he began to question Evans again. Officer Burns did not repeat the *Miranda* warning. Officer Burns told Evans, who had ceased complaining of his physical discomfort, about the discovery of the stolen property and they began to talk about their past experiences and families. Officer Burns eventually asked Evans why he committed the crimes and Evans confessed.

At trial in Nevada state court, Evans, representing himself, objected to the admission of his confession on the ground that his refusal to respond to the initial questioning was an invocation of his right to remain silent requiring all questioning to cease. The state trial court rejected this argument, admitted

the confession into evidence, and Evans was convicted. His conviction was upheld on direct appeal, and his subsequent state court petitions for post-conviction relief were denied by the trial court and by the Nevada Supreme Court.

Evans then filed his habeas petition in the district court under 28 U.S.C. § 2254. The district court denied the petition and Evans appealed to this court. In an unpublished disposition, *Evans v. Demosthenes*, No. 93–15604 (Sept. 9, 1994), we remanded the case to the district court for it to consider, in light of our decision in *United States v. Wallace*, 848 F.2d 1464 (9th Cir.1988), whether Evans had invoked his right to remain silent. In *Wallace*, we held that a defendant's complete silence in the face of up to ten minutes of questioning invoked the right to remain silent and required questioning to stop. *Wallace*, 848 F.2d at 1475.

On remand, the district court reviewed the transcripts of the state proceedings and held an evidentiary hearing on the circumstances surrounding Evans's interrogations. Relying on the Supreme Court's decision in *Davis v. United States*, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), the district court held that because Evans had not clearly articulated his right to remain silent he had waived that right. *Evans*, 902 F.Supp. at 1258–59. *Davis* was decided after our decision in *Wallace*. In *Davis* the Court held that a suspect who wishes to assert his right to counsel must "unambiguously request counsel." *Davis*, 512 U.S. at ——, 114 S.Ct. at 2355.

As an alternative holding, the district court held that if the unambiguous articulation rule of *Davis* did not apply to invocation of the right to remain silent, Evans still had not invoked that right. The district court found that Evans's response to Burns's questioning (complaints about his severe abdominal pain) "would be construed by a reasonable, objective observer as indicating, not that he wanted to remain silent, but that he was suffering from stomach pains." *Evans*, 902 F.Supp. at 1260. This was neither silence in the face of questioning nor was it the invocation of the right to remain silent. *Id.* The district

court again denied Evans's habeas petition, and this appeal followed.

## II

■ We need not decide whether, notwithstanding the Supreme Court's holding in *Davis*, a defendant who wishes to assert his right to remain silent may do so by simply remaining silent in the face of interrogation. *See, Wallace*, 848 F.2d at 1475. Here, that didn't happen. Evans did not remain silent. He complained about his stomach.

When Officer Johnson read Evans his *Miranda* rights, Evans interrupted sarcastically stating that he knew them. Officer Johnson nevertheless read the complete *Miranda* rights to Evans. Evans again acknowledged he understood them. No doubt he did, based upon the evidence in the record of his prior experience with the criminal justice system, including felony convictions.

For about five minutes after he had been given his *Miranda* warning, Officer Burns interrogated Evans. During this questioning, Evans writhed in physical distress and complained of pain in his stomach. By writhing in pain and complaining of stomach pain, Evans was not communicating any desire to remain silent; he was communicating his experience of pain. This is far different from the circumstance of a defendant who, in the face of extended questioning, simply remains silent. In this case, Evans did not remain silent, and neither by what he said nor how he acted did he indicate he wanted to invoke his right to remain silent.

■ The district court also found that Evans's eventual confession was voluntary, knowing, and intelligent. *Evans*, 902 F.Supp. at 1261–62. This finding is amply supported by the record. Once Evans's pain subsided, he voluntarily engaged in a conversation with Officer Burns and, when confronted with the evidence against him, including discovery of the stolen property, he confessed. In the words of the district court, there was "no evidence whatsoever that he was subjected to any sort of force, pressure, harassment, coercion, or trickery to get him to confess." *Evans*, 902 F.Supp. at 1261.

We conclude Evans did not invoke his right to remain silent, he voluntarily waived that right when he spoke with Officer Burns, and his confession was voluntary, knowing, and intelligent.

AFFIRMED.